IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERTO L. MONDONEDO** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 11-353** |
| **SCOTT MARTELL, et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendants Webber's and Martell's Motion to Dismiss [Documents No. 8 and 13].

Plaintiff Mondonedo brought a claim for $5,750 in the District Court of Maryland for Prince George's County against Martell, an employee of Frito Lay, Inc. (Mondonedo's former employer), and Webber, a business agent for Teamsters Local Union No. 639 (the "Union"). Webber removed the action to this Court pursuant to 28 U.S.C. § 1441(b).[1]

The gist of Mondonedo's Complaint is that he was wrongfully terminated by Frito-Lay on January 21, 2009. He alleges that the terms and conditions of his employment were covered by a collective bargaining agreement such that, when he was wrongfully terminated, the Union, through Webber, filed a grievance on his behalf. Prior to an arbitration hearing of the grievance, Frito Lay made a settlement offer in the amount of $5,750. Mondonedo rejected the offer and the Union decided not to go forward with the arbitration. Approximately one year later, on

---

[1] Under 28 U.S.C. § 1441(b), "[A]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

1

December 15, 2010, Mondonedo notified Webber that he was willing to accept the original settlement offer. It appears that the offer was no longer open and Mondonedo, dissatisfied with Webber's representation, filed suit in State Court (now removed to this Court) against Webber and Martell, apparently in an attempt to enforce the original settlement offer.

Webber and Martell seek dismissal of this action pursuant to Fed. R. Civ. Proc. 12(b)(6). They allege that Mondonedo has failed to set forth the basis for a claim against them in their individual capacities.[2] Mondonedo, in his Response to Webber's and Martell's Motion to Dismiss indicates that he is not suing Webber or Martell in their individual capacities, nor is he alleging any wrongdoing on their part. Therefore, by his own admission, Mondonedo has failed to state a claim for which relief may be granted and leave to amend would not cure this fundamental flaw.

Accordingly, Webber's and Martell's Motions [Documents No. 8 and 13] will be **GRANTED**. Final judgment will be entered in favor of Defendants and the case will be **CLOSED.**

A separate Order will **ISSUE**.

May 31, 2011

                                                   /s/
                                  **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

---

[2] Mondonedo has not named Frito Lay or the Union in his Complaint.